IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HAIBER V. MONTEHERMOSO,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     1:12CV518
                                   )
MR. ALVIN W. KELLER, JR., et al.,  )
                                   )
            Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint [Doc. #2] is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff has listed a number of defendants in his Complaint, but makes allegations as to only one, Defendant Brown-Ray. Plaintiff must make allegations as to each defendant listed in order to state a proper claim for relief against each defendant.

2. Even as to Brown-Ray, Plaintiff has not stated a proper claim for relief. He alleges that he spoke to Defendant Brown-Ray about his desire to attend a class to further his education, but that she refused to let him attend the class and instead told him to work in the kitchen or face disciplinary action. He states that he filed a grievance, and was later moved to a facility that was far from his family. He claims that he should not have been working in the kitchen due to an unidentified medical condition, which apparently included back pain. He complains that he was required to perform a job inconsistent with his condition and denied an education "just because [he is] from Latino heritage." [Complaint, § V.] He adds that the pain in his back got worse, but he does not know if his health will be harmed in the future. Overall, Plaintiff's claims are unclear and are too conclusory to state any claim for relief. For

instance, Plaintiff gives no time frame for his allegations, does not identify his medical condition or restrictions, does not explain how the kitchen job exceeded them, does not identify the classes he sought to take, and does not explain why he believes his Latino heritage had anything to do with Brown-Ray's decisions or why his grievance was connected to his transfer. These allegations are very similar to allegations he has raised in past cases where he has also been told that they are insufficient to state a claim for relief. [See 1:09CV393, Order and Recommendation, Doc. #5; 1:09CV469, Order and Recommendation, Doc. #3; 1:09CV519, Order and Recommendation, Doc. #3.] Nothing has changed. If Plaintiff wishes to file a complaint that can move forward, he must set out the details of his claim and not rely on unsupported conclusions.

3. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 20th day of November, 2012.

                                                     /s/ Joi Elizabeth Peake
                                                    United States Magistrate Judge